**Hermalinda CANO–FAJARDO; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74581.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

---

\* This·panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Virender Kumar Goswami, Vinay R. Chari, Esq., Law Offices of Virender K. Goswami, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Melissa Neiman–Kelting, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Hermalinda Cano–Fajardo, and her husband, Gregorio Gomez–Fajardo, both natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction over petitioners' CAT claim because they failed to raise the claim before the BIA. *See Barron v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ashcroft,* 358 F.3d 674, 677–78 (9th Cir. 2004). We therefore dismiss the CAT claim.

We have jurisdiction under 8 U.S.C. § 1252 over petitioners' remaining claims. We review the IJ's decision for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

■ Substantial evidence supports the IJ's decision that petitioners failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Because there is nothing in the record to suggest that an attack on petitioners' son by unidentified assailants occurred on account of an enumerated ground, petitioners' asylum claim fails. *See id.*

■ Substantial evidence also supports the IJ's conclusion that petitioners failed to establish withholding of removal because they did not show that it is more likely than not that they will be subject to persecution based on an enumerated ground. *See id.* at 483–84, 112 S.Ct. 812.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.